Etan Zaitsu [SBN 287106]
Attorney at Law

*Zaitsu Law*
331 J Street, Suite 200
Sacramento, CA  95814
916.542.0270

Attorney for Defendant
JOSHUA MARKANSON

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>ISAIAH BURKS AND<br>JOSHUA MARKANSON,<br><br>                              Defendants. | Case No.: 2:18-CR-00024 TLN<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE** |

  The defendants, Joshua Markanson, by and through his counsel, Etan Zaitsu, defendant Isaiah Burks, by and through his counsel, Phillip Cozens, and the Government, by and through its counsel, Justin Lee, hereby stipulate as follows:

  1. By previous order, this matter was set for status on December 17, 2020

  2. By this stipulation, defendants now move to continue the status conference until March 18, 2021, and to exclude time between December 17, 2020 and March 18, 2021, under Local Code T4.

  1. The parties agree and stipulate, and request that the Court find the following:

    (a) Discovery in this case includes 139 pages of written materials and roughly 130 photos, as well as fifteen compact disks containing numerous audio and

1

STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE

video files. Additional discovery has been requested by defendants. Discovery production from that request is pending.

(b) The Covid-19 pandemic is a serious health concern impacting the world. Here in the Eastern District of California, the pandemic has forced shut downs of courts, schools, and office buildings. It has also created burdens for attorneys to adequately investigate cases.

(c) Defense counsels believe that failure to grant the above-requested continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(d) The government does not object to the continuance.

(e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

(f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 17, 2020 to March 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

2. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//

///

///

2

STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE

1       Respectfully submitted,

2  Dated:  December 9, 2020                    */s/ Etan Zaitsu*
3                                              ETAN ZAITSU
                                               Attorney for Defendant Joshua Markanson
4

5  Dated:  December 9, 2020                    */s/ Philip Cozens*
                                               PHILLIP COZENS
6                                              Attorney for Defendant Isaiah Burks

7

8  Dated:  December 9, 2020                    */s/ Justin Lee*
                                               JUSTIN LEE
9                                              Assistant United States Attorney
                                               Attorney for Plaintiff United States
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE

## ORDER

The Court, having received and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order.  The Court specifically finds that the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court also finds that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date the parties stipulated, up to and including March 18, 2021, shall be excluded from computation of time within which the trial in this case must begin under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [reasonable time to prepare], and General Order 479 [Local Code T4].  It is further ordered that the December 17, 2020 status conference be continued to March 18, 2021, at 9:30 a.m.

Dated:  December 9, 2020

_____
Troy L. Nunley
United States District Judge

STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE